

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3753
Re: Application of Article 7125,
Vernon's Annotated Civil Statutes,
to an inheritance tax on an estate
of a decedent who had received a
taxable estate from a prior decedent
within five years.

This is in answer to your opinion request which
reads, in part, as follows:

"The closing of the above estate for inheritance
tax purposes is now before this department. Our investi-
gation has reached the point where there is a difference
of opinion as to allowing credit for property previously
taxed as provided by Chapter 7125 of the Revised Civil
Statutes.

"The deceased inherited from the estate of Nannie E.
Houser, his mother, the sum of $49,874.64. The statutory
exemption of $25,000. was allowed in this case, which
left a net taxable sum of $24,874.64. Edward A. Houser,
the son, is now deceased and all of his property was
left to his wife.

"Coke and Coke, the Attorneys in Dallas, representing
this estate, have claimed deductions for property previously
taxed in the sum of $24,874.64, but they are unable at this
time to identify in detail all of this property.

"We now ask your advice in the proper handling of
this claim. Are we to allow full credit of $24,874.64,
as a deduction for property previously taxed, or on what-
ever property making up the above amount that they are
able to identify, at the death of the son?"

The inheritance tax laws of Texas are codified in Vernon's Annotated Civil Statutes as Articles 7117 to 7144a, inclusive. Article 7117 prescribes the tax and reads, in part, as follows:

"All property within the jurisdiction of this State, . . . which shall pass absolutely or in trust by will or by the laws of descent and distribution of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax. . . ."

Originally there was no provision in the inheritance tax law of Texas providing for the type of deduction mentioned in your letter. However, in 1929 the Forty-first Legislature, Regular Session, enacted House Bill No. 12, which reads, in whole, as follows:

"An Act to amend Article 7125 of the Revised Civil Statutes of 1925 so as to exempt estates upon which Inheritance Taxes have been levied within five years from date of second passage of said estates, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"SECTION 1. That Article 7125 of the Revised Civil Statutes of 1925 of the State of Texas be and the same is hereby amended so as to hereafter read as follows:

"Article 7125: The only deductions permissible under this law are the debts due by the estate, funeral expenses, expenses incident to last illness of deceased, all Federal, State and County and Municipal Taxes due at the time of the death of decedent and an amount equal to the value of any property forming a part of the gross estate situated in the United States of any persons who died within five years prior to the death of the decedent; this deduction, however, shall only be allowed where an inheritance tax imposed under this or any prior act of the Legislature was paid by the estate of the prior decedent and only in the amount of the value placed by the Comptroller on such property in determining the value of the gross estate of such prior decedent. A full statement of the facts authorizing deductions must be made in duplicate under oath by the executor, administrator or trustee, and one copy filed with the County Clerk and the other with the Comptroller, before any deductions will be allowed.'

Honorable George H. Sheppard, page 3

"SEC. 2. Owing to the fact that the present method of ascertaining the amount of deductions allowed is unfair and inequitable and places undue tax burdens upon estates passing in rapid succession creates an emergency and an imperative public necessity requiring the suspension of the Constitutional Rule that bills be read in each House on three several days, and said Rule is hereby suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted."

House Bill No. 12, supra, was amended by House Bill No. 990, Acts 46th Legislature, Regular Session, page 646, and makes Article 7125 now read as follows:

"Article 7125. The only deductions permissible under this Law are the debts due by the estate, funeral expenses, expenses incident to the last illness of the deceased, which shall be due and unpaid at the time of death, all Federal, State, County, and Municipal taxes due at the time of the death of the decedent, attorney's fees and Court costs accruing in connection with the assessing and collecting of the taxes provided for under this Chapter, and an amount equal to the value of any property forming a part of the gross estate situated in the United States received from any person who died within five (5) years prior to the death of the decedent, this reduction, however, to be only in the amount of the value of the property upon which an inheritance tax was actually paid and shall not include any legal exemptions claimed by and allowed the heirs or legatees of the estate of the prior decedent. A full statement of facts authorizing deductions must be made in duplicate under oath by the executor, administrator, or trustee, and one copy filed with the County Clerk and the other with the Comptroller, before any deductions will be allowed."

We think it is clear that the amendment by House Bill No. 990, supra, was for the purpose of allowing the deduction to include only the actual amount above the exemption on which the inheritance tax had previously been paid, instead of allowing the deduction to include both the legal exemptions and the amount paid on when the property passed to the deceased. We find nothing in the caption or body of House Bill No. 990, which indicates that it was amended for any other purpose.

Honorable George H. Sheppard, page 4

The facts at hand are that the deceased, Edward A. Houser, inherited from the estate of Nannie E. Houser, his mother, the sum of $49,874.64. The statutory exemption of $25,000. was allowed in this case, which left a net taxable sum of $24,874.64. Edward A. Houser, the son, is now deceased and all of his property was left to his wife.

The question arises whether the son's estate is entitled to a deduction of $24,874.64, being the amount he received from his mother's estate, when it cannot be shown that at the time of his death he still possessed all or any part of the estate that he inherited from his mother.

The statute provides, as set out in House Bill No. 990, supra, that the son's estate is entitled to a deduction of "an amount equal to the value of any property forming a part of the gross estate situated in the United States received from any person who died within five (5) years prior to the death of the decedent, . . ." It seems clear to us that this provision of the statute means that the son's gross estate is entitled to a deduction of an amount contained therein which was received from his mother's estate. We do not think that the son's estate is entitled to this deduction unless it be shown that said son's estate contains the property received from his mother's estate.

To illustrate, suppose X dies, leaving to Y, her son, a taxable estate of $50,000. Y immediately spends the entire estate inherited from his mother. Immediately thereafter Y accumulates a gross estate valued at $100,000., and dies within five (5) years from the date of X, his mother's death.

Under our construction of Article 7125, supra, Y's gross estate contains no part of the $50,000. taxable estate received from X, his mother, and therefore he is not entitled to a deduction thereon.

We do not think any other construction is possible when the caption of House Bill No. 12, supra, is examined. Said caption reads "An Act to amend Article 7125 of the Revised Civil Statutes of 1925 so as to exempt estates upon which inheritance taxes have been levied within five years from the date of second passage of said estates, . . ."

Under our illustration quoted above, the $50,000. estate received by Y from X does not and could not pass for the second time when Y died, because Y did not have any of that estate inherited from X, his mother.

It is our opinion that the estate of Edward A. Houser is entitled to the deduction in question only to the extent that it can be shown that his estate contains the property he received from his mother or is traceable thereto.

APPROVED SEP 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Lee Shoptaw
Assistant

LS:AMM

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE